UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON N. DAILEY, | No. 2:23-cv-00788-TLN-CKD |
| Plaintiff, | |
| v. | ORDER AND |
| SOLANO COUNTY SHERIFF, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a former county inmate proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Procedural History**

On February 28, 2024, this court issued Findings and Recommendations to dismiss this action without prejudice based on plaintiff's failure to file an amended complaint within the time provided. ECF No. 12. After being granted an extension of time to file objections, ECF No. 14, plaintiff filed a first amended complaint. ECF No. 15.

Before the court could screen the amended complaint, plaintiff filed a second amended complaint on August 26, 2024. ECF No. 17. Because the second amended complaint replaces the amended complaint as a matter of law, it is now the operative pleading before the court that is subject to screening pursuant to 28 U.S.C. § 1915A(a). See Loux v. Rhay, 375 F.2d 55, 57 (9th

Cir. 1967) (citations omitted) (explaining that once an amended complaint is filed the original one is "treated thereafter as non-existent.").

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## III. Second Amended Complaint

Plaintiff alleges that while a pretrial detainee at the Solano County Jail she was denied proper medical care for various conditions which caused her permanent injuries. Named as defendants are Wellpath, LLC, Dr. Dinesh Nagar, Lieutenant Andrew Hagen, Lieutenant Katherine Raymos, Sergeant Jeff Poblete, and, the Solano County Sheriff. The second amended complaint raises a Fourteenth Amendment due process claim based on deliberate indifference to plaintiff's serious medical needs, a Monell[1] municipal liability claim, and state law negligence, failure to summon medical care, and Bane Act claims against defendants.

## IV. Analysis

Examination of the amended complaint and review of court records reveal that plaintiff's amended complaint contains allegations that are identical to, and therefore duplicative of, claims raised in Dailey v. Ellis, No. 2:23-cv-00786-TLN-CSK (E.D. Cal.).[2] "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious

---

[1] See Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).

[2] The court hereby takes judicial notice of the docket in Dailey v. Ellis, No. 2:23-cv-00786-TLN-CSK (E.D. Cal.). See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (finding that a court may take judicial notice of court records); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

under section 1915(e).  See Bailey, 846 F.2d at 1021.  Plaintiff was granted leave to file a second amended complaint on July 8, 2024 in Dailey v. Ellis, No. 2:23-cv-00786-TLN-CSK.  Instead of filing the second amended complaint in that case, plaintiff filed it in the present action.[3]  Having reviewed the facts and allegations alleged in Dailey v. Ellis, this court finds that this earlier filed civil action involves the same allegations against the same defendants at the Solano County Jail.  Based on this analysis, the undersigned recommends dismissing plaintiff's second amended complaint as duplicative of Dailey v. Ellis, No. 2:23-cv-00786-TLN-CSK.  It is further recommended that the second amended complaint be dismissed without leave to amend.

**V.      Plain Language Summary for Party Proceeding Without a Lawyer**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your second amended complaint and determined that they are the exact same claims filed in an earlier case that is currently pending in this same court.  The law does not allow the same claims to be raised in multiple lawsuits.  Since this action was filed later in time, it is recommended that it be dismissed.

If you do not agree with this recommendation, you can explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review the file and make the final decision.

In accordance with the above, IT IS HEREBY ORDERED that the Findings and Recommendations issued on February 28, 2024 (ECF No. 12) are vacated.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed as duplicative and that leave to amend the complaint be denied.
2. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge

---

[3] A review of the docket in Dailey v. Ellis, No. 2:23-cv-00786-TLN-CSK, indicates that the same second amended complaint was attached to plaintiff's objections filed on September 19, 2024 and is pending the court's review.

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
2  after being served with these findings and recommendations, any party may file written
3  objections with the court and serve a copy on all parties.  Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
5  objections shall be served and filed within fourteen days after service of the objections.  The
6  parties are advised that failure to file objections within the specified time may waive the right to
7  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8  Dated:  October 8, 2024

   CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

16  12/dail0788.F&R.duplicative